IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-486-BO

CURTIS TARIQ AKBAR,                        )
                                           )
              Plaintiff,                   )
                                           )
      v.                                   )          **ORDER**
                                           )
CAROLYN COLVIN,                            )
Acting Commissioner of Social Security,    )
                                           )
              Defendant.                   )
_____  )

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 20 & 23]. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

On November 30, 2010, plaintiff applied for disability insurance benefits under Title II of the Social Security Act. Plaintiff initially alleged a disability onset date of April 1, 2007 and revised that date to December 15, 2007. After his application was denied initially and upon reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on May 18, 2012. On October 18, 2012, the ALJ issued a decision denying the claim. The Appeals Council denied Mr. Gray's request for review thereby rendering the ALJ's decision the final decision of the Commissioner on May 8, 2013. *Pro se* plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Case 5:13-cv-00486-BO   Document 26   Filed 03/12/14   Page 1 of 5

## MEDICAL HISTORY

Mr. Akbar claims he is disabled due to degenerative disc disease, diabetes mellitus, depression, and vertigo. [Tr. 17–18].

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cit. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Mr. Akbar attached several documents to his motion as a basis for his request to reverse the decision of the Commissioner. His documents are as follows: (1) a Nash County Department of Social Services Decision; (2) a WakeMed Outpatient Rehab Services Evaluation; (3) a Title XVI (SSI) Award; 94) a Letter from the Divine Intervention Counseling Center; and (5) a Letter from his Fiancé, Alice Kearney. However, a review of the evidence in the record shows that the decision of the Commissioner is supported by substantial evidence and correct legal standards were used. [DE 20-1–20-7].[1]

---

[1] Two of the documents are not pertinent. DE 20-4 relates to a change in the date plaintiff received his SSI benefits and DE 20-5 relates to a change in the amount of plaintiff's SSI benefits due to an increase in his income.

1.    Nash County Department of Social Services Decision.

This document does not show the ALJ's decision to have been reached in error, but is rather based upon a misapplication of the Social Security Regulations. The ALJ considered all of the record evidence in making his decision [Tr. 18–23], whereas the state only considered and discussed a small portion of the record evidence. [Tr. 160]. Substantial evidence in the record supports the ALJ's determination and where the ALJ differs from the state's determination, the ALJ provided an adequate explanation of why the record supports her decision. [*Compare* Tr. 160 *with* Tr. 20–23].

2.    WakeMed Outpatient Rehab Services Evaluation.

The second attachment is a functional capacity evaluation done by a physical therapist. Physical therapists are not accepted medical sources under the regulations. *See* 20 C.F.R. § 404.1513. While such evidence is considered, it is given less weight than an acceptable medical source, and it must be consistent with the medical evidence overall. The ALJ cited to the physical therapist's opinion based on this report [Tr. 295] and noted that he was a non-physician. The ALJ then stated that the opinion was not an acceptable medical source and that it overly limited Mr. Akbar's abilities compared to the physical examinations throughout the record. [Tr. 22–23]. The ALJ properly noted that the medical evidence did not support the opinion. [Tr. 22–23, 247–50, 301]. Therefore, the ALJ's decision was properly supported by substantial evidence.

3.    Title XVI (SSI) Award.

The document dealt with a supplemental security benefits (SSI) award based on a subsequent application filed after the ALJ's determination. The determination awarding benefits does not give a rationale for the finding. It is not known if Mr. Akbar had new or worsening impairments. The Agency did not choose to re-open the prior period or accept new and material

3

evidence into this record that may have applied back into the period under review. Subsequent documentation does not, without evidence that would relate back, bear any weight on the current application and this determination. *Res Judicata* applies to the determination under review here. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999); *Lively v. Sec. of HHS*, 820 F.2d 1391 (4th Cir. 1987); *Melvin v. Astrue*, 602 F. Supp. 2d 694 (E.D.N.C. 2009).

>    4.    Letter From Divine Intervention Counseling Center.

This letter was dated September 12, 2013, eleven months after the ALJ's determination was made and over four months after the Appeals Council denied review. The letter indicates that Mr. Akbar was diagnosed with a Major Depressive Episode on September 4, 2012, one month prior to the ALJ's determination. It states that Mr. Akbar received services and made progress. The episode the letter refers to is in the record. [Tr. 383–87]. This record does not indicate a disabling event because it was the first presentation. The relevant information is how the plaintiff progressed within twelve months of treatment. None of these treatment notes have been submitted to the Court for review. Further, the letter indicates that Mr. Akbar's condition has improved and does not mention any other episodes occurring. The letter has no bearing on the ALJ's decision as it was based on substantial evidence in the record.

>    5.    Alice Kearney's Letter.

The letter from Mr. Akbar's fiancé is dated nearly a year after the ALJ's determination. The statements within it are not inconsistent with the ALJ's determination. It offers no new information and has no bearing on the ALJ's determination.

*    *    *

The decision of the Commissioner is supported by substantial evidence. Plaintiff has pointed to no evidence which supports a finding of any error on the part of the ALJ.

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the __11__ day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE